IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**LARRY CRAIGMYLE,**

      **Plaintiff,**

**v.**                                                Case 2:12-cv-03080-JTF-cgc

**U.S. GOVERNMENT,**

      **Defendant.**

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss. (Docket Entry "D.E." #8). The instant motion is referred to the United States Magistrate Judge for Report and Recommendation. (D.E. 10).[1] For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED.

**I. Background**

On December 19, 2012, Plaintiff filed a Complaint alleging that the Veterans Administration Hospital ("VA") in Memphis, Tennessee committed medical malpractice during the course of his treatment on July 10, 1997. (Compl. ¶¶ 4, 7-14). Plaintiff alleges violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, and the Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. 29-26-155, *et seq.* Plaintiff alleges two factual basis of negligent acts

---

[1] Plaintiff's "Motion" in Opposition to Defendant's Motion to Dismiss has also been referred to the Magistrate Judge. (D.E. #9). The Magistrate Judge recommends that this "Motion" be construed as Plaintiff's Response to Defendant's Motion to Dismiss and be terminated as a pending motion.

1

to support his FTCA and TMMA claims: (1) negligent prescription of a "cocktail of drugs," and (2) negligent failure to refer him to a private psychiatrist. (Compl. ¶¶ 9, 11-12, 14, 16(c), 18(a)).

## II. Proposed Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and

2

"armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Proposed Conclusions of Law

Under TTMA, a plaintiff bears the burden of proving three elements of medical malpractice by expert testimony: (1) the recognized standard of acceptable professional practice; (2) that defendant acted with less than or failed to act with ordinary and reasonable care; and, (3) as a result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred. Tenn. Code Ann. § 29-26-115(a). The expert must have a medical license from Tennessee or an adjoining state, must be licensed in a relevant profession or specialty that would make the person's expert testimony relevant to the issues in the case, and must have practiced

in the profession or specialty in one of these states during the year that preceded the date that the alleged injury or wrongful act occurred   Tenn. Code Ann. § 29-26-115(b).

In medical malpractice actions in which such expert testimony is required, a plaintiff "shall file a certificate of good faith with the complaint." Tenn. Code Ann. § 29-26-122(a). The certificate of good faith shall state as follows: (1) that the plaintiff has consulted with one or more experts who have provided a signed, written statement confirming that they are competent under Tennessee Code Annotated Section 29-26-115 to express an opinion in the case, and (2) that the expert believes that there is a good faith basis to maintain the action. Tenn. Code Ann. § 29-26-122(a)(1)-(2). "If the certificate is not filed with the complaint, the complaint shall be dismissed . . . absent showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records . . . or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a), (c). A dismissal for failure to file a certificate of good faith shall be with prejudice. Tenn. Code Ann. § 29-26-122(c).

FTCA claims likewise require filing of the certificate of good faith required by the TMMA, as the FTCA requires the application of state substantive law. *Daniels v. United States*, No. 11-5009, slip op. at 3 (6th Cir. Oct. 2, 2011); *Williams v. United States*, 754 F. Supp. 2d 942, 948-49 (W.D.Tenn. 2010); *Faulkner v. United States*, No. 11-2982-STA-cgc, 2012 WL 2682789, at *8 (W.D.Tenn. July 6, 2012).

Upon review, Plaintiff filed a Certificate of Good Faith stating that he was a "Medical Records Specialist" in the United States Army. (Compl., Exh. 1). Plaintiff states that he has "obtained information from research, investigation, study or instruction." (*Id.*) Plaintiff claims that he is "competent" to testify under Section 29-26-115 because he has examined his own medical records. (*Id.*)

Despite Plaintiff's attempts to act as his own medical expert, his certificate of good faith does

4

not demonstrate that he meets the qualifications of Section 29-26-115. Although Plaintiff claims that he worked in medical records in the United States Army, Plaintiff does not state that he has any appropriate medical licensure under Section 29-26-115. Absent medical licensure, Plaintiff cannot be considered a medical expert. Likewise, Plaintiff cannot meet the remaining qualifications under Section 29-26-115.

As such, Plaintiff's Certificate of Good Faith fails to comply with Section 29-26-122. As Plaintiff does not allege that his failure to file a Certificate of Good Faith that complied with Section 29-26-112 is due to either the failure of the provider to timely provide copies of the claimant's records or extraordinary cause, it is recommended that Plaintiff's FTCA and TMMA claims be dismissed with prejudice, and Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED.

## IV. Conclusion

For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED.

**DATED** this 14th day of June, 2013.

        s/ Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**